*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIS MARCELL WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
June 6, 2024

No. 354686
Eaton Circuit Court
LC No. 19-020162-FC

ON REMAND

Before: JANSEN, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

This case returns to us on remand from our Supreme Court for reconsideration of defendant's sentence in light of the Court's decision in *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023).[1] Finding no abuse of discretion or errors by the trial court warranting resentencing, we affirm.[2]

## I. BACKGROUND

A jury convicted defendant of armed robbery, MCL 750.529, and resisting or assaulting a police officer, MCL 750.81d(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 25 to 40 years for his armed robbery conviction, and 5 to 15 years for his resisting or assaulting conviction. Defendant's 25-year (300 months) minimum sentence for his armed robbery conviction fell within the sentencing guidelines range of 136 to 420 months. Defendant does not challenge the scoring of the guidelines or assert

---

[1] *People v Williams*, 513 Mich 973; 998 NW2d 697 (2024). In all other respects, our Supreme Court denied defendant leave to appeal because defendant failed to persuade it that the remaining issues should be reviewed. *Id.*

[2] The Court thanks counsel for their supplemental briefing following remand.

that the trial court relied on inaccurate information. He protests that his sentence is unreasonably harsh and disproportionate.

## II. ANALYSIS

Our Supreme Court held and clarified in *Posey*, 512 Mich at 359, that this Court must review within-guidelines sentences for reasonableness. Accordingly, we now address defendant's claim of error in this regard.

We review a trial court's sentencing decision for an abuse of discretion. *People v Cain*, 238 Mich App 95, 130; 605 NW2d 28 (1999). An abuse of sentencing discretion occurs where the sentence imposed does not reasonably reflect the seriousness of the circumstances of the offense and the offender. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), citing *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). Thus, when reviewing a sentence for reasonableness, we must assess whether the trial court abused its discretion by violating the "principle of proportionality" in fashioning the sentence. *Steanhouse*, 500 Mich at 459-460. Within-guidelines sentences are presumptively proportional but are reviewed for reasonableness. *Posey*, 512 Mich at 359. The defendant bears the burden of demonstrating that the within-guidelines sentence is unreasonable and disproportionate. *Id*.

To appropriately impose sentences, the sentencing court should give "consideration to reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). In *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003), our Supreme Court explained that the "premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." Although *Posey* requires us to analyze defendant's sentence for reasonableness, *Posey* did not change the fundamental principle articulated in *Babcock*.

Defendant argues that the trial court did not tailor his sentence to the offense and offender because twice before in cases in which he pleaded guilty to armed robbery he only received sentences of 10 to 40 years' imprisonment. He contends that his 25-year minimum sentence is too harsh.

Defendant similarly argues his sentence is not proportionate because he was simply an aider and abettor, and his codefendant, the person who actually physically went in the store to commit the robbery, received a sentence of 70 months to 40 years.

This argument however fails to acknowledge that defendant planned this robbery with codefendant Perez. Defendant provided Perez with a firearm and a disguise. Also, Perez had no prior convictions. Defendant was on parole for armed robbery at the time of this offense. His other convictions included stolen property and assault with intent to cause serious injury. Defendant had been previously incarcerated in jail once and in prison twice.

On the record before us, we hold that the trial court did not abuse its discretion by imposing 25 to 40 years' imprisonment for defendant's armed robbery conviction. The record indicates that, despite prior armed robbery and other serious felony convictions for which defendant served significant periods of incarceration, defendant planned and engaged in additional armed robberies,

including the charged offense in this case for which the jury convicted him which he perpetrated after recently having been released on parole. Defendant's criminal record indicates that he did not learn from his prior convictions and the discipline imposed upon him. Despite opportunities to turn his life in the right direction, he failed to reform.

Defendant stood before the sentencing court as a recidivist convicted criminal, a fourth-offense habitual offender, MCL 769.12. Considering that defendant committed the same offense previously and failed to reform, it was neither unreasonable nor an abuse of discretion for the trial court to impose a sentence to discipline defendant and provide him time to work toward reformation while incarcerated. We conclude that defendant's 25-year minimum sentence is particularly fitting under the circumstances presented in this case. Armed robbery is a very serious offense. Resisting or assaulting a police officer also is a very serious offense. Armed robbery involves violence or the threat of violence to other persons.[3] It is axiomatic that society must be protected from repeat offenders who commit armed robbery and place citizens in harm's way and cause them to fear for their lives. Further, the sentence imposed by the trial court serves the purpose of deterring others from committing armed robbery.

The record establishes that the trial court considered the seriousness of the circumstances surrounding the offense and the offender and imposed reasonable and proportionate sentences for the crimes of which the jury found defendant guilty beyond a reasonable doubt. The trial court properly sentenced defendant to protect society and to appropriately discipline defendant for his criminal conduct with an eye to deter others from engaging in similar criminal behavior. Accordingly, the trial court did not err and defendant is not entitled to resentencing.

Affirmed.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ Christopher P. Yates

---

[3] Under MCL 750.529(2), for offenses committed involving possession of a dangerous weapon or an article fashioned in a manner that would lead a person to believe the article is a dangerous weapon, such conduct is a felony punishable by imprisonment for life or for any term of years.